B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ANTHONY S. NOVAK,<br>CHAPTER 7 BANKRUPTCY TRUSTEE | **DEFENDANTS**<br>PEOPLE'S UNITED BANK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Novak Law Office, P.C.<br>280 Adams St., Manchester, CT 06040<br>Tel: 860-432-7710 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint brought pursuant to 11 USC Sec. 542 for turnover

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $17,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | BANKRUPTCY CASE NO.<br>19-21198-JJT | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | | NAME OF JUDGE<br>Tancredi |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Anthony S. Novak | | | |
| DATE<br><br>3/17/20 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Anthony S. Novak | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 19-21198-JJT |
| STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | CHAPTER 7 |
| Debtor. | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF STEWART STAFFING SOLUTIONS & RECRUITMENT GROUP, LLC | ADV. PRO NO.: |
| Plaintiff, v. | |
| PEOPLE'S UNITED BANK | MARCH 17, 2020 |
| Defendant. | |

**COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE PURSUANT TO 11 U.S.C. §542**

The Chapter 7 Bankruptcy Estate of Stewart Staffing Solutions & Recruitment Group, LLC hereby requests an Order of this Court seeking to compel turnover to the estate of $16,027.35 in cash held in Account No. 0020638896 at People's United Bank and to award reasonable costs and attorney's fees incurred by the estate in pursuit of this matter and in support thereof, alleges as follows:

Background

1. Stewart Staffing Solutions & Recruitment Group, LLC filed a Chapter 7 bankruptcy petition on July 10, 2019. The case number is 19-21198 (hereinafter "Debtor").

2. The Plaintiff, Anthony S. Novak, was appointed the Chapter 7 Trustee of the Chapter 7 Estate of Stewart Staffing Solutions & Recruitment Group, LLC on or about July 10, 2019 (hereinafter referred to as the "Trustee" or "Plaintiff") and continues to serve in said capacity.

3. Upon information and belief, the Defendant is a banking institution formed under the laws of Connecticut with a principal place of business at 850 East Main Street, Bridgeport, CT 06604.

3.    This adversary proceeding arises in and relates to the Chapter 7 case of the Debtor which is now pending in the District of Connecticut.

4.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157, 28 U.S.C. §1334 and 11 U.S.C. §542.

5.    This matter is a core proceeding pursuant to 28 U.S.C. §157.

6.    Venue over this action resides in this Court pursuant to 28 U.S.C. §1409.

7.    At the time of the filing of their Chapter 7 petition, the Debtor was a listed owner of People's United Bank Account No. 0020638896 with a balance of $16,027.35.

People's United Bank is in possession, custody or control of this account containing $16,027.35.

8. Upon information and belief, as of February 28, 2020, Account No. 0020638896 had a balance of $16,027.35.

9. The Debtor listed said account on its Schedules A/B filed in this case as a "Business Advantage Checking Account at People's United Bank" with a balance of $352.31.

10. The Trustee has made written demand upon People's United Bank for turnover of said account balance of $16,027.35 but, to date, no payment has been forthcoming. In addition, the Trustee has had further communications with People's United Bank requesting turnover of said funds to the bankruptcy estate, but to date, no payment has been tendered regarding the funds in said account.

COUNT ONE

(Turnover of Property of the Estate - 11 USC §542(a))

1-10 of this Complaint are hereby repeated and re-alleged as if fully set forth herein.

11. Pursuant to 11 USC §542(a) "an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell or lease ... shall deliver to the trustee and account for, such property or the value of such property ...".

-3-

12. That at least $16,027.35 of the cash on deposit at People's United Bank, Acct. #0020638896 is property of the estate and must be turned over to the Trustee pursuant to 11 USC §542(a).

## COUNT TWO
### (Attorney's Fees and Costs Incurred by the Estate)

1-12 of this Complaint are hereby repeated and re-alleged as if fully set forth herein.

13. The Bankruptcy Trustee has made written demand upon the Defendant for turnover of the cash balances in said account.

14. The Defendant has refused, neglected and/or failed to turnover the cash balances of said account to the estate or to provide an accounting to the estate as to the cash in said account.

15. The Estate has incurred costs and legal expenses in pursuing this asset and in bringing this complaint.

WHEREFORE, the Trustee prays that this Court :

a. Enter a judgment on behalf of the estate against the Defendant in the amount of $16,027.35 and/or Order the Defendant to remit the sum of $16,027.35 in cash in said account to the Trustee;

  b. Awarding costs and attorney's fees or not less than $2,500.00 to the estate for bringing this action; and

  c. Such other and further relief as this court deems just and equitable.

         THE CHAPTER 7 ESTATE OF
         STEWART STAFFING SOLUTIONS &
         RECRUITMENT GROUP, LLC
         Plaintiff

         By */s/ Anthony S. Novak*
           Anthony S. Novak
           Fed. Bar #ct09074
           280 Adams Street
           Manchester, CT 06042-1975
           Tel: 860-432-7710
           Email: anthonysnovak@aol.com
           Its Counsel